UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| VINCENT LEE EDWARDS, | Case No. 2:24-cv-00322-GMN-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| TOM LAWSON, N. JAYME, A. GREENLAND, | |
| Defendants. | |

Pending before the Court is Plaintiff Vincent Edwards' Application to Proceed *in forma pauperis* (ECF No. 14), which is complete and granted below.[1] Plaintiff's Complaint (ECF No. 1-1) raises claims under 42 U.S.C. § 1983 regarding wealth based discrimination in violation of his Fourteenth Amendment rights.

I.   **Screening the Complaint**

Upon granting Plaintiff's *in forma pauperis* application the Court must screen his Complaint under 28 U.S.C. § 1915(e)(2). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). However, pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *Warshaw v.*

---

[1] The Court notes that Plaintiff was incarcerated when he commenced this claim, but has since been released. He filed an updated IFP application on May 31, 2024.

*Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id.*  Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."  *Id*.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id*.  "Determining whether a complaint states a plausible claim for relief … [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios).  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.     Analysis of Plaintiff's Complaint**

Liberally construed, the Court finds Plaintiff alleges the State of Nevada Division of Parole and Probation employees violated his liberty interest and denied him equal protection under the Fourteenth Amendment when his participation in a State of Nevada specialty court program was terminated and he was arrested (probation was revoked) because he could not pay SCRAM (secured continuous remote alcohol monitoring) fees and the Sierra Sage Recovery Services sober living facility rent.  Plaintiff says Defendants did not take into account factors that impacted his ability to pay the required fees in order to stay in the court program.  Plaintiff seeks actual and punitive damages in compensation for the harm he alleges.

### III. Discussion

In *Bearden v. Georgia*, 461 U.S. 660 (1983), the Supreme Court held the "Due Process Clause of the Fourteenth Amendment imposes procedural and substantive limits on the revocation of the conditional liberty created by probation." *Black v. Romano*, 471 U.S. 606, 610 (1985) *citing Beardon*. The *Beardon* Court recognized the "sensitive treatment of indigents in our criminal justice system" and, *citing Tate v. Short*, 401 U.S. 395 (1971), stated "a State cannot convert a fine imposed under a fine-only statute into a jail term solely because the defendant is indigent and cannot immediately pay the fine in full." 461 U.S. at 664. After discussing several other Supreme Court decisions, the *Beardon* Court stated: "we generally analyze the fairness of relations between the criminal defendant and the State under the Due Process Clause, while we approach the question whether the State has invidiously denied one class of defendants a substantial benefit available to another class of defendants under the Equal Protection Clause." *Id*. at 665.[2] "To determine whether this differential treatment violates the Equal Protection Clause, one must determine whether, and under what circumstances, a defendant's indigent status may be considered in the decision to revoke probation." *Id*. at 664-65. If the person on probation "willfully refused to pay … when he has the means to pay, the State is perfectly justified in using imprisonment as a sanction to enforce collection." *Id*. at 668 (internal citation omitted).

Here, Plaintiff alleges and, therefore, presents substantial questions as to whether his probation was revoked in accordance with the federal constitutional standards articulated in *Beardon* and its progeny. *See*, *for example*, *U.S. v. Parks*, 89 F.3d 570, 572-73 (9th Cir. 1996); *Briggs v. Montgomery*, Case No. CV-18-02684-PHX-EJM, 2019 WL 2515950, at *10 (D. Ariz. June 18, 2019) (plaintiffs placed in a pre-prosecution diversion program were "deprived of the ability to complete the program in 90 days like other, wealthier participants solely because they are unable to pay the program fee"); *De Luna v. Hidalgo Cty., Tex.*, 853 F. Supp. 2d 623, 653 (S.D. Tex. 2012) (applying *Bearden* and granting summary judgment on "Plaintiffs' claims that the County violated

---

[2] The *Bearden* Court noted there was substantial similarity between the question of whether considering indigent status in revoking probation violates the Equal Protection Clause and the due process question of whether it is fundamentally unfair or arbitrary for the State to revoke probation when an indigent is unable to pay the fine. *Id.* at 665-66.

3

their federal due process and equal protection rights by failing to conduct an affirmative indigency determination before incarcerating them for nonpayment of fines and costs[]"); *Com. v. Melnyk*, 548 A.2d 266 (Pa. Super. 1988) (applying *Bearden* to hold that it was fundamentally unfair to deny defendant participation in accelerated rehabilitative disposition program solely because she was unable to pay restitution). In sum, the Court finds Plaintiff's allegations are sufficient to state his claims under the Fourteenth Amendment. Plaintiff's claims may proceed to the extent he sues Defendants in their individual capacities for allegedly violating his liberty interest and equal protection rights under the Fourteenth Amendment.[3]

### III.   Order

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 14) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Fourteenth Amendment liberty and equal protection clause claims may proceed against the named defendants in their individual capacities.

IT IS FURTHER ORDERED that the Clerk of the Court **must** electronically **serve** copies of this Screening Order and Plaintiff's Complaint (ECF No. 1-1) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

IT IS FURTHER ORDERED that subject to the findings of this Screening Order, the Attorney General's Office **must** file a notice, no later than **September 13, 2024**, advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Attorney General's Office **must** file, under seal, but not serve Plaintiff, the last known address(es) of those defendant(s) for whom it has such

---

[3] While employees of the state are immune from suit in the official capacities when the plaintiff seeks money damages (*Hafer v. Melo*, 502 U.S. 21, 26 (1991)), Plaintiff's Complaint against these same defendants in their individual capacities for money damages is not barred under the Eleventh Amendment and is at least facially sufficient to state a claim. *See Friedland v. Fauver*, 6 F.Supp.2d 292 (D.N.J. 1998), *overruled in part on other grounds*, *Leamer v. Fauver*, 288 F.3d 532, 542 n.7 (3rd Cir. 2002).

information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office must attempt to obtain and provide the last known physical address(es).

If service cannot be accepted for any of the named defendant(s), Plaintiff **must** file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General's Office has not provided last-known-address information, Plaintiff **must** provide the full name and address for the defendant(s) to the best of his ability to do so.

IT IS FURTHER ORDERED that if the Attorney General's Office accepts service of process for any named defendant(s), such defendant(s) **must** file and serve an answer or other response to the Complaint within sixty (60) days from the date of this Order.

IT IS FURTHER ORDERED that for any named defendant for whom the Attorney General's Office does not accept service, service of the operative Complaint must be accomplished within 90 days of the date of this Order.

IT IS FURTHER ORDERED that Plaintiff **must** serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff **must** include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed or electronically filed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff **must** direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a District or Magistrate Judge that has not been filed with the Clerk, and any document received by a District Judge, Magistrate Judge, or Clerk of Court that fails to include a certificate showing proper service.

Dated this 21st day of August, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE