UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VINCENT LEE EDWARDS,<br><br>              Plaintiff,<br>vs.<br><br>TOM LAWSON, *et al.*,<br><br>             Defendants. | Case No.: 2:24-cv-00322-GMN-NJK<br><br>**ORDER GRANTING, IN PART, MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION FOR SUMMARY JUDGMENT** |

      Pending before the Court is the Motion for Extension of Time to Respond to Motion for Summary Judgment, (ECF No. 39), filed by Plaintiff Vincent Lee Edwards. Defendants Nicholas Jayme and Andrew Greenland filed a Response, (ECF No. 40). For good cause and excusable neglect appearing, the Court GRANTS, in part, and DENIES, in part, the Motion for Extension of Time to Respond to Motion for Summary Judgment.

      Under Federal Rule of Civil Procedure 6(b)(1)(B), a court may extend the time to file documents for good cause "on motion made after the time has expired if the party failed to act because of excusable neglect." Good cause is "a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). In analyzing "excusable neglect," courts consider "all relevant circumstances," including "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 389 (1993). Like all Federal Rules of Civil Procedure, Rule 6 "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456,

459 (9th Cir. 1983), *superseded on other grounds by statute*, *In re Stein*, 197 F.3d 421, 429 (9th Cir. 1999).

Plaintiff filed the instant motion on November 14, 2025, nearly four months after the original deadline to respond to the pending Motion for Summary Judgment had passed.[1] (*See generally* Mot. Extend Time, ECF No. 39). However, Plaintiff argues that he did not receive the Motion for Summary Judgment until September and was unable to respond because he has "been without stable housing." (*Id.* at 1:18–19). Plaintiff now requests an additional three months to file a Response. (*See id.*).

After considering the *Pioneer* factors, the Court finds that excusable neglect is satisfied here. First, the reason for Plaintiff's delay—his lack of stable housing—was not within his control. Plaintiff's registered address has changed several times over the course of the litigation, (*see* ECF Nos. 4, 11), and the Court finds no evidence in the record indicating that this request was made in bad faith, nor do Defendants allege bad faith. (*See generally* Resp., ECF No. 40). Second, the Court finds an extension of time would not prejudice Defendants or meaningfully impact the litigation, nor do they allege that one would. (*Id.*). Indeed, a denial of the instant Motion would significantly impact the litigation by depriving this Court of Plaintiff's arguments when considering the Motion for Summary Judgment. However, a three-month extension would be excessive, especially given that the normal response time to a Motion for Summary Judgment is 21 days. (*See Klingele* Minute Order, ECF No. 28). Given Plaintiff's unique situation, the Court grants an extension of 45 days.

---

[1] The Motion for Summary Judgment, (ECF No. 27), was filed by Defendants on July 10, 2025. Plaintiff's original Response deadline was July 31, 2025. (*See Klingele* Minute Order, ECF No. 28).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Extension of Time to File Response to Motion for Summary Judgment, (ECF No. 39), is **GRANTED, in part, and DENIED, in part**.

**IT IS FURTHER ORDERED** that Plaintiff's Response to the Motion for Summary Judgment, (ECF No. 27), is now due January 15, 2026.  Defendants' Reply is due January 29, 2026.

**IT IS FURTHER ORDERED** that Plaintiff must comply with Local Rule IA 3-1 and file with the Court written notification of any change of mailing address and email address to cure the issues Plaintiff has experienced with receiving filings in this case.  Local Rule IA 3-1 states in full:

> An attorney or pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number. The notification must include proof of service on each opposing party or the party's attorney. Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court.

**DATED** this   26   day of November, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court