**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

VINCENT LEE EDWARDS,

                        Plaintiff,

     vs.

TOM LAWSON, *et al.*,

                    Defendants.

Case No.: 2:24-cv-00322-GMN-EJY

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Pending before the Court is the Motion for Summary Judgment, (ECF No. 27), filed by Defendants Nicholas Jayme and Andrew Greenland.[1]  Plaintiff did not file a Response and the time to do so has passed.[2]

For the reasons discussed below, the Court GRANTS Defendants' Motion for Summary Judgment.

## I.    BACKGROUND

This is a 42 U.S.C. § 1983 civil rights action filed by Plaintiff against Defendants for terminating Plaintiff from the Specialty Court Program, revoking his probation, and arresting him to serve his term of incarceration. (*See generally* Compl., ECF No. 1-1).  In December 2022, Plaintiff was granted probation in state court and admitted into the Specialty Court Program. (Court Mins. at 2, Ex. C to Mot. Summ. J., ECF No. 27-4).  On September 20, 2023, a hearing was held in state court and Plaintiff's probation was revoked because he violated terms of his probation. (*Id.* at 4).  At the hearing, Plaintiff stipulated to all the violations and the court and Plaintiff engaged in a colloquy of pertinent facts. (*Id.*).  Because probation was

---

[1] Defendant Tom Lawson has not been served.

[2] Plaintiff requested an extension of time to file his Response.  The Court granted the extension and ordered Plaintiff's Response due January 15, 2026. (*See* Order, ECF No. 41).

revoked, the state court judge ordered Plaintiff to complete his original term of incarceration. (*Id.*).  Plaintiff was represented by counsel for all of his state court proceedings. (*See generally id.*).  Plaintiff was granted parole in December 2023. (Order Granting Parole, Ex. D to Mot. Summ. J., ECF No. 27-5).

Plaintiff commenced this action in February 2024 alleging that his probation was revoked solely because he lacked the financial ability to pay fees he owed to the court as part of the Specialty Court Program. (*See generally* Compl.).  He further contends that Defendants failed to take Plaintiff's "mental state of mind" into consideration when considering the issue of parole. (*See id.* at 7).  Defendants now move for summary judgment.

## II.    **LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*  "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)). "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citation and quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). However, the nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts," *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir.

2002).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III.    DISCUSSION

Defendants argue that there are no genuine disputes of material fact in this case. (Mot. Summ. J., 4:2–15, ECF No. 27).  The Court agrees.  Plaintiff was afforded the opportunity to avoid any incarceration when he was placed on probation and into the Specialty Court Program. Plaintiff violated the terms of his supervision, which he stipulated to, and his probation was therefore revoked.  Because his probation was revoked, he was ordered to complete his term of incarceration and was later granted parole.  Defendants therefore meet their initial burden of demonstrating that the Plaintiff fails to make a showing sufficient to establish any element essential to his case.

The burden now shifts to Plaintiff, but he failed to respond.  Despite Plaintiff's failure to respond, the Court still considers whether there is any evidence in the record to support a finding that a genuine dispute of material facts exists.  No such evidence exists.  Discovery was due June 10, 2025, (*see* Scheduling Order, ECF  No. 25), and Defendants maintain that Plaintiff has made no disclosures of evidence, list of witnesses, nor performed any discovery. (Mot.

Summ. J., 3:7–8).  In fact, Plaintiff did not even answer the written discovery in the form of interrogatories and requests for admissions served on May 8, 2025. (Interrogs., Ex. A to Mot. Summ. J., ECF No. 27- 2); (Reqs. for Admis., Ex. B to Mot. Summ. J., ECF No. 27-3).  As such, the admissions are deemed admitted.  Given that Plaintiff stipulated to the violations of probation resulting in revocation of his probation, was represented by counsel in his criminal case and probationary period, and has made no disclosures or conducted discovery, there is no set of facts Plaintiff can present at trial that would evidence any violations of § 1983. Therefore, there are no genuine disputes of material fact in this matter.

**IV.    CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment, (ECF No. 27), is **GRANTED**.

The Clerk of Court is kindly directed to enter judgment in favor of Defendants and close the case.

**DATED** this __27__ day of March, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court